THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WAYNE G. CLARK, Defendant-Appellant.

Fifth District    No. 79-309

Opinion filed December 27, 1979.

John H. Reid, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Raymond F. Buckley, Jr., and Gillum Ferguson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Defendant was charged by information with possession of a controlled substance, chlordiazepoxide, in violation of section 402(b) of the Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(b)). He pleaded guilty as charged, and was placed on one year's probation. A series of motions followed, in which defendant sought unsuccessfully to have the charge dismissed. He appeals contending it was error for the trial court to refuse to dismiss the charge.

Defendant initially pleaded not guilty. He later agreed to plead guilty, pursuant to negotiations in which he also agreed to plead guilty to a related misdemeanor theft charge. The State agreed to recommend one year's probation on the instant charge.

On April 20, 1979, following a sentencing hearing, defendant was sentenced in accordance with the recommendation of the State. On the same date, defendant filed a written motion to withdraw his guilty plea and to dismiss the charge, citing *People v. Natoli* (1979), 70 Ill. App. 3d 131, 387 N.E.2d 1096. On April 23, defendant filed a written motion seeking the same relief, as well as vacation of his sentence. In an order filed May 14, the court allowed defendant's motion to withdraw his guilty plea and vacate his sentence, but denied the motion to dismiss; the cause was set for a June 4 jury trial. On May 24, defendant filed a written motion in which he asked the court to reconsider dismissing the cause. In that motion, defendant sought, as an alternative to dismissal, that the court reinstate defendant's guilty plea and sentence. In an order filed June 25, the court on reconsideration refused to dismiss the cause and ordered defendant's guilty plea and sentence reinstated. On June 29, defendant filed his notice of appeal, together with a letter to the clerk of the circuit court in which he acknowledged the notice was not filed within 30 days of sentencing and called attention to the motions considered by the trial court in the interim.

We consider first the merits of defendant's argument that the instant prosecution should have been dismissed by the trial court, and the statute under which he was charged held unconstitutional, on authority of *People v. Natoli* (1st Dist. 1979), 70 Ill. App. 3d 131, 139-40, 387 N.E.2d 1096, 1102. The statute in question prescribed possession of a schedule IV controlled substance as a Class 3 felony, whereas delivery of the same substance was a Class 4 felony (Ill. Rev. Stat. 1977, ch. 56½, par. 1401(e), par. 1402(b)), an anomaly the *Natoli* court found constitutionally repugnant.

The *Natoli* court reasoned that possession of a controlled substance is a lesser offense than delivery, and that a higher penalty for possession than for

delivery was therefore irrational. Accordingly, that court was of the opinion that the sentence prescribed for possession was the result of a legislative oversight. Unwilling to speculate as to what penalty the legislature intended to prescribe for possession, the court concluded no penalty for possession existed. Since a statute containing prohibitive language without a penalty is a nullity, the court held the possession charge against defendant could not be maintained.

We feel compelled to follow *Natoli*. We perceive no legitimate purpose to be served by punishing possession of a controlled substance more severely than delivery.

In the vast majority of situations, possession cannot occur except for an act of delivery. However, possession is not the only undesirable result of delivery. Violence related to the drug trade is another well-known problem. Thus, comparing the evils against which the possession and delivery statutes are directed, it is beyond question that delivery is the paramount evil, and suppression of the drug trade the more important goal.

Therefore, we must conclude, as did the court in *Natoli*, that the sentence prescribed for possession was the result of a legislative oversight. The legislature has since remedied this problem in enacting Public Act 81-583, which makes delivery a Class 3 felony and possession a Class 4 felony. Also, we agree with the *Natoli* majority that it is beyond our function to speculate as to the sentence the legislature intended to prescribe for possession. In the absence of a penalty for possession, defendant's conviction of unlawful possession of chlordiazepoxide cannot stand.

■■ For the above reasons, we agree with defendant that the charge against him should have been dismissed on his motion in the trial court. However, the State contends reversal of defendant's conviction is inappropriate because (1) this court lacks jurisdiction of this appeal, (2) defendant is estopped from attacking this conviction, since it was based on plea negotiations beneficial to defendant, and (3) defendant lacks standing to raise the constitutional issue of denial of due process resulting from the sentencing scheme, since he was sentenced to probation. Accordingly, we next consider those contentions.

The State's jurisdictional objection rests upon two grounds. First, it is argued that defendant's notice of appeal was not filed within 30 days as required by Supreme Court Rule 606(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 606(b)). Second, that defendant appeals from denial of his motion to dismiss, an unappealable ruling.

■■ Considering first the 30-day limit for filing of the notice of appeal, we note that sentencing in general commences the 30-day period. (Ill. Rev. Stat. 1977, ch. 110A, par. 606(b); Ill. Rev. Stat., 1978 Supp., ch. 56½, par. 1410(f).) However, where a "motion to reconsider" has been addressed to and ruled upon by the trial court, the time for appeal commences with the denial of that motion. (*People v. Robins* (1975), 33 Ill. App. 3d 634, 636, 338 N.E.2d 222,

224.) Public policy favors correction of errors at the trial level. It would be contrary to such policy to penalize the instant defendant for his continuing efforts to resolve this matter in the trial court. The instant notice of appeal was filed four days after denial of the instant motion to reconsider; we view it as timely filed.

We turn to the State's jurisdictional objection that we may not entertain an appeal from denial of a motion to dismiss. In both cases cited by the State on this point, defendants appealed denials of motions to dismiss before a trial on the merits. *People v. Miller* (1966), 35 Ill. 2d 62, 219 N.E.2d 475, and *People v. Culhane* (1975), 34 Ill. App. 3d 158, 340 N.E.2d 63, are thus inapposite to the instant case; defendant has been adjudged guilty and sentenced prior to this appeal. The instant defendant is appealing from a final judgment for purposes of appeal.

The State also urges in this regard that defendant did not comply with Supreme Court Rule 604(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d)) by making a final motion that his guilty plea be withdrawn. Implicit in this argument is the premise that, to satisfy Rule 604(d), the motion to withdraw the guilty plea must be the last motion defendant makes below. We know of no authority for that premise. Were we to adopt the State's position in this regard, we would be penalizing the defendant for providing the trial court with a last opportunity to correct alleged error at the trial level. As stated above, this we are unwilling to do.

■ Accordingly, we must reject the State's contention that this court is without jurisdiction over this appeal.

■■ We next consider the State's argument that defendant is estopped from attacking the negotiated plea of guilty, in view of his acceptance of its benefits. The State's sole authority is *People ex rel. Bassin v. Isreal* (1975), 31 Ill. App. 3d 744, 335 N.E.2d 53, wherein this court declined to decide whether the offense to which defendant pleaded guilty (attempt voluntary manslaughter) existed. In *Bassin*, defendant was originally charged with attempt murder, an offense more serious than that to which he pleaded guilty, and carrying a higher range of possible penalties. Here, Clark pleaded guilty as charged, in exchange for a mere sentence recommendation. A related theft charge was involved in the instant plea negotiations, but defendant pleaded guilty to that, too. Loss or injury is an element of estoppel. (*Zurich General Accident & Liability Insurance Co. v. Industrial Com.* (1927), 325 Ill. 452, 456, 156 N.E. 307, 310.) What the State relinquished in the *Bassin* plea negotiation was an opportunity to seek a longer sentence and a conviction on a more serious charge. Here, the State relinquished an opportunity to seek a more serious penalty on a prosecution the State could not maintain in any event. On the instant facts, the requisite loss on the part of the State necessary to establish estoppel does not appear.

Even if defendant is considered estopped from raising the constitutional issue, a further problem remains: could defendant meaningfully

plead guilty to violation of a statute expressly declared a nullity? The situation facing this court in the wake of *Natoli* is similar to that which existed in the wake of *People v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407, in which the classification of cannabis as a narcotic drug was held unconstitutional. Before the Cannabis Control Act was enacted, there was a "gap" during which there was no statutory prohibition of possession or delivery of cannabis. This resulted in reversal of numerous convictions for possession or delivery of cannabis, for example, *People v. Hudson* (1971), 50 Ill. 2d 1, 276 N.E.2d 345, in which *McCabe* was applied retroactively. Significantly, in *People v. Will* (1971), 3 Ill. App. 3d 230, 278 N.E.2d 851, defendant's conviction of possession of cannabis on a guilty plea was reversed, not because the *Will* court reevaluated the merits of the constitutional issue, but rather because the portion of the act in question relating to cannabis had been held invalid in *McCabe*.

Accordingly, regardless of the merits of the State's argument that defendant is estopped from raising the constitutional issue, defendant's conviction cannot stand, since the statute under which he was convicted is a nullity.

■ Finally, we consider the State's argument that defendant lacks standing to challenge the constitutionality of the sentencing provisions applicable to the instant charge, because defendant was sentenced to probation. In this regard, the State maintains defendant was not a member of the class of persons aggrieved by the sentencing scheme. We disagree. As a practical matter, defendant is not affected if he completes his probation satisfactorily. However, section 410(d) of the Controlled Substances Act (Ill. Rev. Stat., 1978 Supp., ch. 56½, par. 1410(d)) provides that if defendant violates some term of his probation, he can be sentenced anew. Thus, defendant bears a continuing risk of being sentenced under the sentencing scheme in question. Further, it is conceivable that defendant may some day be brought before another sentencing court on another charge, at which time that court would become aware of defendant's Class 3 felony conviction. Such a prior conviction could adversely affect that subsequent sentencing decision (we note defendant's record will in effect be expunged if he completes his probation satisfactorily (Ill. Rev. Stat. 1977, ch. 56½, par. 1410(e)). Accordingly, defendant must be considered a "person aggrieved" by the instant sentencing provisions. We conclude that defendant has standing to raise the issue of constitutionality of the sentencing provision.

Finding that there is no substantial question presented, we have taken the case under advisement without oral argument pursuant to Supreme Court Rule 352(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 352(a)).

Reversed.

KARNS and KASSERMAN, JJ., concur.