THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
DALE L. VAN MATRE, Defendant-Appellee.

Fifth District    No. 5—86—0431

Opinion filed January 5, 1988.

Charles Roberts, State's Attorney, of Olney (Kenneth R. Boyle, Stephen E. Norris, and Wendy B. Porter, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel M. Kirwan and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

On August 8, 1985, Richland County sheriff's deputies obtained a search warrant and conducted a search in and around the house where defendant, Dale VanMatre, lived with his family. The following day, VanMatre was charged by information with unlawful possession of cannabis (Ill. Rev. Stat. 1985, ch. 56½, par. 704(d)) and unlawful manufacture of cannabis (Ill. Rev. Stat. 1985, ch. 56½, par. 705(e)). Prior to trial, defendant moved to quash the warrant and to suppress the evidence seized during the search. In an order filed on May 29, 1986, the circuit court refused to quash the warrant or to suppress evidence which had been found in the basement of the house. The court did, however, hold that evidence found elsewhere in and around the house had been illegally seized and could not be used at trial. The State promptly moved for reconsideration of the circuit court's order, but its motion was denied on June 26, 1986. Thereafter, the State commenced this appeal. In so doing, it certified that the circuit court's suppression order would substantially impair its ability to prosecute the case. (107 Ill. 2d R. 604(a)(1); see *People v. Phipps* (1980), 83 Ill. 2d 87, 90, 413 N.E.2d 1277, 1278.) For the reasons which follow, we reverse and remand for further proceedings.

■■ Before addressing the merits of the State's appeal, we must first consider a motion filed by defendant asking that the appeal be dismissed. As grounds for this motion, which we have taken with the case, defendant argues that the appeal was not timely filed. We disagree. The State moved for reconsideration of the suppression order on June 18, 1986, within 30 days of entry of that order. Such motions for reconsideration are an appropriate means for directing the atten-

tion of a trial judge to a claim of error and may be filed, as in this case, within 30 days of entry of the order which is being challenged. (*People v. Stokes* (1977), 49 Ill. App. 3d 296, 298, 364 N.E.2d 300, 301; *People v. Robins* (1975), 33 Ill. App. 3d 634, 636, 338 N.E.2d 222, 224.) When a motion for reconsideration has been seasonably filed, the time for appeal does not commence until that motion has been denied. (*People v. Stokes* (1977), 49 Ill. App. 3d 296, 298, 364 N.E.2d 300, 301.) The applicable appeal period is 30 days, as specified by Supreme Court Rule 606(b) (107 Ill. 2d R. 606(b)), even though the appeal is interlocutory in nature. (*People v. McBride* (1983), 114 Ill. App. 3d 75, 79, 448 N.E.2d 551, 554.) Accordingly, the State had 30 days from denial of its motion to reconsider in which to perfect its appeal. It met this deadline. As we have noted, the motion was denied on June 26, 1986. The State's notice of appeal was filed less than two weeks later, on July 9, 1986. The appeal is therefore timely, and defendant's motion must be denied. See *People v. Rimmer* (1985), 132 Ill. App. 3d 107, 111, 476 N.E.2d 1278, 1281.

■ In the alternative, defendant moves that the State's brief be stricken because that brief is addressed to the circuit court's initial suppression order of May 29, whereas the notice of appeal specified that appeal was being taken from the June 26 order regarding the motion to reconsider. The June 26 order, however, involved precisely the same facts and legal principles as the order of May 29. In seeking reconsideration of the May 29 order, the State was simply attempting to persuade the trial court that it had made its decision incorrectly. Thus, an appeal from the June 26 order necessarily raises the propriety of the May 29 order. Whatever merit defendant's position may have as a technical matter, it does not, under these circumstances, justify striking the brief.

■ Finally, defendant moves for dismissal of the appeal on the grounds that the State has failed to include in the record transcripts or bystander's reports of the hearing at which the court announced its ruling on defendant's motion to suppress or of the hearing on the State's motion for reconsideration. Part of this motion has now become moot. By leave of this court, the transcript of the hearing at which the trial court ruled on the motion to suppress has now been added to the record before us. As to the hearing on the State's motion to reconsider, the record does not indicate that any evidence or argument was presented there. For this reason, we fail to see how the absence of a transcript or report of the hearing would in any way impair our ability to decide the case. Again, defendant's motion must be denied.

■ We turn then to the merits of the State's appeal. The circuit court's decision to suppress certain of the evidence seized at VanMatre's house was expressly based on its belief that the warrant authorized a search only of defendant's basement. On this appeal, the State contends simply that such an interpretation is erroneous. We agree.

The warrant states on its face that the police were empowered to seize specified materials "located at or in the basement of the house of Dale VanMatre." For the circuit court's interpretation to be correct, the warrant would have to be read as authorizing a search "at the basement of the house" as well as "in the basement of the house." This makes no sense. "At the basement" is not idiomatic. The only possible meaning it could have is "in the basement," and this would render the phrase redundant.

A more reasonable interpretation is that the warrant authorized the seizure of any of the specified materials which were located "at the house" or "in the basement of the house." This interpretation is consistent with customary usage and does not make any of the language superfluous. In addition, it is bolstered by the description contained in the complaint for the warrant, which was set out on the reverse side of the warrant itself. (See *People v. Redmond* (1976), 43 Ill. App. 3d 682, 684-85, 357 N.E.2d 204, 206.) In the complaint, the police explicitly requested a warrant to search the "entire premises of Dale VanMatre," not just his basement. Accordingly, the circuit court should not have excluded evidence obtained from parts of the house other than the basement on the ground that the scope of the warrant had been exceeded.

■ Defendant argues, in the alternative, that the evidence was nevertheless properly suppressed because the police failed to knock on the door and announce their authority and the reasons for their presence prior to execution of the warrant. Illinois has no statutory requirement that an officer announce his authority and purpose. Moreover, the mere failure by police to announce their authority and purpose does not *per se* violate the constitution. It may, however, influence whether subsequent entry to arrest or search is constitutionally reasonable. *People v. Marinez* (1987), 160 Ill. App. 3d 349, 352, 513 N.E.2d 607, 609.

■ The evidence here, considered in the light most favorable to defendant, showed that when the police officers arrived at defendant's house, defendant, his wife, her five children, and one of defendant's friends had just returned home. Defendant had already proceeded into the house, but his wife was still outside. The police car was unmarked; the officers were dressed in camouflage, not uniforms;

and they did not display their badges. The officers did, however, advise defendant's wife that they had a warrant to search the house before they entered the premises, and they did not enter until defendant's wife had gone in ahead of them. Under these circumstances, we believe that the requirements of the "knock and announce" rule were adequately met and that the search which followed was reasonable.

In sum, defendant's motions to dismiss the appeal or, in the alternative, to strike the State's brief are denied; the order of the circuit court of Richland County is reversed insofar as it suppressed the use at trial of evidence obtained during the search of defendant's house beyond the basement; and this cause is remanded for further proceedings.

Motions denied; order reversed and cause remanded.

WELCH and CALVO, JJ., concur.