THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CORDELL KING, Defendant-Appellant.

Second District   No. 2—03—0300

Opinion filed April 13, 2004.

Steven A. Greenberg, of Steven A. Greenberg, Ltd., of Chicago, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

On October 30, 2001, defendant, Cordell King, was charged by indictment with forgery (720 ILCS 5/17—3(a)(2) (West 2000)). On November 7, 2002, defendant moved the court to dismiss the charge on former jeopardy grounds. On January 24, 2003, the court denied the motion. On March 13, 2003, defendant filed a *pro se* notice of appeal, arguing that the trial court erred by denying his motion to dismiss. For the following reasons, we dismiss the appeal.

Supreme Court Rule 604 (188 Ill. 2d R. 604) authorizes certain interlocutory appeals in criminal cases. Rule 604(f) permits a defendant to file an interlocutory appeal from a trial court's denial of a motion to dismiss on former jeopardy grounds. The State claims that this provision is governed by the 30-day period for filing a notice of appeal provided in Supreme Court Rule 606(b) (188 Ill. 2d R. 606(b)). Defendant disagrees, arguing that Rule 604(f) does not specify what appeal period governs, so a notice of appeal may be filed at any time. The question of whether the 30-day period for appeals in Rule 606(b) applies to interlocutory appeals under Rule 604(f) is an issue of first impression. The issue presents a question of law that we review *de novo*. *Lo v. Provena Covenant Medical Center*, 342 Ill. App. 3d 975, 982 (2003).

A supreme court rule is interpreted in the same manner as a statute; that is, the primary objective is to ascertain and give effect to the drafters' intent. *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 493 (2002). The best indication of the drafters' intent is the rule's language, given its plain and ordinary meaning. *Roth*, 202 Ill. 2d at 493. Where the rule's language is clear, it must be applied as written; however, if the language is susceptible of more than one interpretation, the court may look beyond the language to consider the rule's purpose. *Reda v. Advocate Health Care*, 199 Ill. 2d 47, 55 (2002). The drafters' intent must be ascertained from a consideration of the entire

scheme, its nature, its object, and the consequences resulting from different constructions. *Fumarolo v. Chicago Board of Education*, 142 Ill. 2d 54, 96 (1990). A court should not construe a rule in a manner that would lead to consequences that are absurd, inconvenient, or unjust. *McMahan v. Industrial Comm'n*, 183 Ill. 2d 499, 513-14 (1998).

■ Specifically, Rule 604(f) provides, "The defendant may appeal to the Appellate Court the denial of a motion to dismiss a criminal proceeding on grounds of former jeopardy." 188 Ill. 2d R. 604(f). According to defendant, the rule does not provide a period for when the appeal must be taken, so an interlocutory appeal may be filed at any time. In this case, he filed a notice of appeal 48 days after the order's entry. To the contrary, the State contends that the 30-day period for filing a notice of appeal in Rule 606(b) also governs an interlocutory appeal under Rule 604(f). We find that the language in question is ambiguous.

■ When a rule is ambiguous, we may look beyond the language as written to discern the drafters' intent and consider the purpose of the rule and the evils that it was designed to remedy. *In re B.C.*, 176 Ill. 2d 536, 542-43 (1997). Rule 604(f) concerns a defendant's right to be protected from former jeopardy for the same offense. Interlocutory appellate review from the denial of a defendant's former jeopardy challenge helps to assure that an individual will not be forced "to endure the personal strain, the public embarrassment, and expense of a criminal trial more than once for the same offense." *Abney v. United States*, 431 U.S. 651, 661-62, 52 L. Ed. 2d 651, 661-62, 97 S. Ct. 2034, 2041-42 (1977) (concluding that a motion to dismiss the indictment was immediately appealable under 28 U.S.C. § 1291 (1974)). However, Rule 604(f) does not mandate that a defendant file an interlocutory appeal but merely provides a defendant with the option of doing so. *People v. Franklin*, 159 Ill. App. 3d 56, 60 (1987). According to the rule, a defendant "may" file an interlocutory appeal from the denial of his or her motion to dismiss or the defendant may raise that issue on an appeal from the final judgment. *Franklin*, 159 Ill. App. 3d at 60.

■ We conclude that the 30-day period for filing notices of appeal under Rule 606(b) also applies to the filing of an interlocutory notice of appeal under Rule 604(f). If a defendant's former jeopardy challenge is denied, under Rule 604(f), he or she is given the option to appeal that decision then or to proceed and appeal the issue from the final judgment. *Franklin*, 159 Ill. App. 3d at 60. Applying the 30-day period satisfies the purpose of the rule. Defendants have the opportunity to obtain prompt appellate review of the former jeopardy challenge, thereby ensuring that they can avail themselves of former jeopardy protections. Yet, this result also "fosters expediency and

celerity in appeals from interlocutory orders" and thereby allows final determinations on the merits to be more quickly obtained. *In re Adoption of Anderson*, 88 Ill. App. 3d 42, 44 (1980) (discussing Supreme Court Rule 307 (58 Ill. 2d R. 307)).

Moreover, Rule 606(b) states that "no appeal may be taken from a trial court to a reviewing court after the expiration of 30 days from the entry of the order or judgment from which the appeal is taken." 188 Ill. 2d R. 606(b). In that provision, the drafters did not limit the 30-day period to appeals from *final* judgments or orders. We conclude that the drafters intended for this filing period to apply also to Rule 604(f) interlocutory appeals.

Accordingly, the appeal from the judgment of the circuit court of Du Page County is dismissed for lack of appellate jurisdiction.

Appeal dismissed.

O'MALLEY, P.J., and GROMETER, J., concur.