(No. 106494.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. BRENT E. MARKER, Appellee.

*Opinion filed April 16, 2009.*

Lisa Madigan, Attorney General, of Springfield, and Eric C. Weis, State's Attorney, of Yorkville (Michael A. Scodro, Solicitor General, and Michael M. Glick and Retha Stotts, Assistant Attorneys General, of Chicago, of counsel), for the People.

Larry Wechter, of Geneva, for appellee.

JUSTICE KARMEIER delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Thomas, Kilbride, Garman, and Burke concurred in the judgment and opinion.

Justice Freeman dissented, with opinion.

## OPINION

The issue in this appeal is whether a motion filed by the State seeking reconsideration of a circuit court's interlocutory order suppressing evidence tolls the time for appeal under Supreme Court Rules 604(a)(1) and 606(b) (210 Ill. 2d Rs. 604(a)(1), 606(b)). We hold that it does.

## BACKGROUND

Following a traffic stop by an Oswego police officer, defendant was arrested and charged with driving under the influence of drugs (625 ILCS 5/11—501(a)(6) (West 2006)) and driving under the combined influence of drugs and alcohol (625 ILCS 5/11—501(a)(5) (West 2006)), in Kendall County case number 06—DT—57 (traffic case). As a result of the same arrest, defendant was also charged with unlawful possession of a controlled substance (720 ILCS 570/402(a)(2)(A) (West 2006)) and unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(a)(2)(A) (West 2006)), in case number 06—CF—69 (felony case). Defendant filed a

motion to quash his arrest and suppress evidence in both cases, and the trial court granted the motion on August 11, 2006. On September 7, 2006, the State moved to reconsider the trial court's ruling. The trial court denied the motion to reconsider following a hearing on September 28, 2006, and, on October 23, 2006, the State filed a certificate of impairment and a notice of appeal.

The appellate court concluded that the State's appeal of the August 11 suppression order was untimely based on its reading of the first and penultimate sentences of Rule 606(b). 382 Ill. App. 3d 464. The first sentence states, in part: "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." 210 Ill. 2d R. 606(b). The appellate court majority agreed with defendant that because the order quashing defendant's arrest and suppressing evidence was not a "final judgment," the State's motion to reconsider did not toll the 30-day period for filing a notice of appeal. 382 Ill. App. 3d at 477. That period expired on September 11, 2006. Nor, according to the appellate court, was the State's appeal timely filed under the penultimate sentence of Rule 606(b), which provides that "no appeal may be taken from a trial court to a reviewing court after the expiration of 30 days from the entry of the order or judgment from which the appeal is taken." 210 Ill. 2d R. 606(b). The majority interpreted this sentence to mean that an appeal from an interlocutory order may not be taken after the expiration of 30 days from the entry of *that original* order, also September 11, 2006. 382 Ill. App. 3d at 472. Thus, the State's notice of appeal, filed on October 23, 2006, was untimely and the court dismissed the appeal for lack of jurisdiction. 382 Ill. App. 3d at 477. Appeal lies in this court because, on its own motion, the

appellate court certified, pursuant to Rule 316 (Official Reports Advance Sheet No. 26 (December 20, 2006), R. 316, eff. December 6, 2006), that the case "involves a question of such importance that it should be decided by the Supreme Court."

## ANALYSIS

Because this appeal presents only issues of law, our review proceeds *de novo*. See *In re A.H.*, 207 Ill. 2d 590, 593 (2003) (applying *de novo* standard to jurisdiction issue). Additionally, the interpretation of a supreme court rule, like a statute, is reviewed by this court *de novo*. *People v. Drum*, 194 Ill. 2d 485, 488 (2000) (applying *de novo* standard in reviewing timeliness of a State appeal under Rule 604(a)(1)). As a preliminary matter, we note that, in addition to contending that the appellate court properly affirmed the dismissal of the State's appeal under Rule 606(b), defendant also argues that the State did not invoke appellate jurisdiction in his traffic case, 06—DT—57, because the State failed to file a copy of the notice of appeal and certificate of impairment in that particular circuit court file.[1]

Having examined the record, we find that the parties and the circuit court treated the traffic and felony cases as functionally consolidated. See *Ad-Ex, Inc. v. City of Chicago*, 247 Ill. App. 3d 97, 98-103 (1993). Specifically, numerous documents filed by the parties and orders filed by the court list both case numbers in the caption. Additionally, during the hearings on defendant's motion to quash and suppress and the State's motion to reconsider, the court repeatedly announced the case as "People of the State of Illinois vs. Brent E. Marker, 06 CF 69, 06 DT 57." These facts conclusively demonstrate that the cases

---

[1]While defendant raised this issue in the appellate court, that court's opinion did not address the issue, relying solely on its interpretation of Rule 606(b) to dismiss the State's appeal in its entirety.

were functionally consolidated in the trial court. See *Ad-Ex, Inc.*, 247 Ill. App. 3d at 98-103 (cases were functionally consolidated where orders and pleadings reflected that court and parties treated cases as consolidated and neither party was prejudiced by consolidation).

Indeed, where defendant himself filed several documents listing both case numbers in the caption, he is "estopped to deny" consolidation now. *Ad-Ex, Inc.*, 247 Ill. App. 3d at 98, 102 (litigant who filed documents using consolidated caption in trial court "ought not be allowed to change the rules" once the case is on appeal). Here, the State appealed both the traffic and felony cases by filing a single notice of appeal listing both case numbers in the caption, and a copy of that notice of appeal and the certificate of impairment listing both case numbers was filed in the felony case file maintained by the clerk of the circuit court. Thus, the fact that copies of these documents do not also appear in the circuit court's traffic case file has not prejudiced defendant. Where the cases were functionally consolidated in that court, multiple copies were not required.

Next we address the issue certified to this court by the appellate court, *i.e.*, whether, because the trial court's order quashing defendant's arrest and suppressing evidence was not a "final judgment," the State's motion to reconsider did not toll the 30-day period for filing a notice of appeal set forth in Rule 606(b). 382 Ill. App. 3d at 477. Article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, §6) states, in part: "The Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts." Article VI, section 16, further directs that this court "shall provide by rule for expeditious and inexpensive appeals." Ill. Const. 1970, art. VI, §16. Pursuant to these directives, this court promulgated, *inter alia*, supreme court rules article VI, entitled "Ap-

peals in Criminal Cases, Post-Conviction Cases, and Juvenile Court Proceedings." 210 Ill. 2d art. VI.

Pertinent to this discussion are Supreme Court Rule 604(a)(1), which sets forth the specific instances in which the State may appeal, and Supreme Court Rule 606(b), governing the time for perfecting an appeal. Rule 604(a)(1) provides, in part: "In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in *** suppressing evidence." 210 Ill. 2d R. 604(a)(1). Rule 606(b) states:

> "*Except as provided in Rule 604(d), the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion.* When a timely posttrial or postsentencing motion directed against the judgment has been filed *** any notice of appeal filed before the entry of the order disposing of all pending postjudgment motions shall have no effect and shall be stricken by the trial court. Upon striking the notice of appeal, the trial court shall forward to the appellate court within 5 days a copy of the order striking the notice of appeal, showing by whom it was filed and the date on which it was filed. This rule applies whether the timely postjudgment motion was filed before or after the date on which the notice of appeal was filed. A new notice of appeal must be filed within 30 days following the entry of the order disposing of all timely postjudgment motions. Within 5 days of its being so filed a copy of the notice of appeal or an amendment of the notice of appeal shall be transmitted by the clerk of the circuit court to the clerk of the court to which the appeal is taken. *Except as provided in paragraph (c) below, and in Rule 604(d), no appeal may be taken from a trial court to a reviewing court after the expiration of 30 days from the entry of the order or judgment from which the appeal is taken.* The clerk of the appellate court shall notify any party whose appeal has been dismissed under this rule." (Emphases added.) 210 Ill. 2d R. 606(b).

When interpreting supreme court rules, our court is guided by the same principles applicable to the construc-

tion of statutes. *In re Estate of Rennick*, 181 Ill. 2d 395, 404 (1998); 134 Ill. 2d R. 2(a) & Committee Comments. With rules, as with statutes, our goal is to ascertain and give effect to the drafters' intention. *In re Storment*, 203 Ill. 2d 378, 390 (2002). The most reliable indicator of intent is the language used, which must be given its plain and ordinary meaning. *Robidoux v. Oliphant*, 201 Ill. 2d 324, 332 (2002).

The appellate court majority interpreted the first sentence of Rule 606(b) to provide that a notice of appeal must be filed within 30 days of a *final* judgment unless a motion directed against that *final* judgment is timely filed. 382 Ill. App. 3d at 472. The majority reasoned:

"Thus, the tolling rule embodied in this sentence and the four that follow applies to final judgments. The penultimate sentence of the rule, which is not limited to final judgments, contains no explicit tolling provisions. As applied to final judgments, the first five sentences of the rule and the penultimate sentence could produce different results. The conflict may be resolved, however, by applying the principle of construction that, '[w]here a general statutory provision and a more specific statutory provision relate to the same subject, we will presume that the legislature intended the more specific provision to govern.' [Citation.] The first five sentences are more specific, as they apply only to final judgments. Thus, a timely motion directed against a *final* judgment will toll the time for filing a notice of appeal from that judgment. However, an appeal from an *interlocutory* order may not be taken after the expiration of 30 days from the entry of the order. Our interpretation is consistent with our decision *** that, because the penultimate sentence of Rule 606(b) is not limited to appeals from final judgments, it governs appeals from interlocutory orders ***. [Citation.]" (Emphases in original.) 382 Ill. App. 3d at 472.

While the appellate court majority appears to maintain that the rule is unambiguous and that its construction of the rule is unassailable, it employs the principle of construction that a more specific provision trumps a

more general provision "to resolve the ambiguity of conflicting results that the majority admits is a possibility if the 'plain' language is given its effect." 382 Ill. App. 3d at 491 (O'Malley, J., dissenting). However, this court must apply clear and unambiguous language of a rule as it is written, without resorting to any further tools of construction. *People v. Campbell*, 224 Ill. 2d 80, 84 (2006). The majority's construction is therefore problematic and, keeping in mind the above stated principles, we find the "plain language" interpretation of Rule 606(b) urged by the appellate court dissent to be more accurate.

Justice O'Malley's dissent asserts that "final judgment," as it appears in the first phrase of the first sentence of the rule, refers to final judgments, while the use of the unmodified word "judgment" in the second phrase of that sentence refers to both final and interlocutory judgments. The dissent explains this reading of the rule as follows:

"In subsequent sentences, 'judgment' is modified to make the understanding explicit that it is a final judgment (*e.g.*, 'When a timely posttrial or postsentencing motion directed against the judgment has been filed' (210 Ill. 2d R. 606(b) (sentence 2))). The first sentence, by contrast, states that 'the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion.' 210 Ill. 2d R. 606(b) (sentence 1). The juxtaposition of 'final judgment' and the unmodified 'judgment' can be reasonably construed to state the general rule that a notice of appeal must be filed within 30 days of the final judgment, or within 30 days after the ruling on a timely motion to reconsider directed against any appealable judgment, final or interlocutory." 382 Ill. App. 3d at 497 (O'Malley, J., dissenting).

As when construing a statute, we must read a rule as a whole and import to it the fullest possible meaning to

which it is susceptible. See *Vine Street Clinic v. Health-link, Inc.*, 222 Ill. 2d 276, 282 (2006). Further, when interpreting a rule, we must presume that the drafters did not intend to produce absurd, inconvenient or unjust results. See *Vine Street*, 222 Ill. 2d at 282; see also *People v. Williams*, 158 Ill. 2d 62, 75 (1994) (Harrison, J., concurring in part and dissenting in part, joined by Freeman and McMorrow, JJ.). Application of these tenets also persuades us that, rather than the appellate court majority, it is Justice O'Malley's interpretation of Rule 606(b) which is correct.

The penultimate sentence states that "no appeal may be taken from a trial court to a reviewing court after the expiration of 30 days from the entry of the *order or judgment* from which the appeal is taken." (Emphasis added.) 210 Ill. 2d R. 606(b). As the dissent further reasons:

"The 'order or judgment' language in the penultimate sentence is reconciled by noting that 'order' can refer to the denial of the motion to reconsider, and thus it harmonizes with the first sentence.

\*\*\* This language allows for the possibility of filing a notice of appeal from an interlocutory order or judgment within the 30-day time limit. The \*\*\* first sentence allows for the tolling rule to apply.

If this construction is adopted, then there is no need to resort to the tools and aids of construction—instead, the plain language of Rule 606(b) is no longer ambiguous and it is given its ordinary (and heretofore universally accepted) effect." 382 Ill. App. 3d at 497 (O'Malley, J., dissenting).

We find, for the reasons that follow, that this interpretation coincides with what this court, as the rule's drafter, intended.

We first examine the history of the tolling rule by tracing the criminal cases dealing with this subject. Each of these appellate court cases holds that a motion to reconsider tolls the time to appeal and that a notice of appeal filed within 30 days after the resolution of the motion to reconsider will be deemed timely, or cites to a

case so holding.[2] See *People v. Robins*, 33 Ill. App. 3d 634, 636 (1975) (time period for filing notice of appeal commences with the disposition of the motion to reconsider); *People v. Stokes*, 49 Ill. App. 3d 296, 298 (1977) (same, relying on *Robins*); *People v. Clark*, 80 Ill. App. 3d 46, 48-49 (1979) (the defendant's notice of appeal was timely when it was filed within 30 days of the denial of the defendant's motion to reconsider, relying on *Robins*); *People v. Wagner*, 100 Ill. App. 3d 1051, 1053 (1981) (appeal is not the exclusive remedy available to the State to challenge a suppression order; the State may move the trial court to reconsider its ruling, relying on *Robins* and *Stokes*); *People v. McBride*, 114 Ill. App. 3d 75, 80 (1983) (the State may file a motion to reconsider an order of suppression before it files a notice of appeal, relying on *Wagner*); *People v. Rimmer*, 132 Ill. App. 3d 107, 111 (1985) (time for filing notice of appeal commenced with the disposition of the State's motion to reconsider, relying on *Clark* and *Wagner*); *People v. Van Matre*, 164 Ill. App. 3d 201, 202-03 (1988) (same, relying on *Rimmer*, *McBride*, *Stokes*, and *Robins*); *People v. Smith*, 232 Ill. App. 3d 121, 127 (1992) (same, relying on *People v. Williams*, 138 Ill. 2d 377 (1990)); *People v. Burks*, 355 Ill. App. 3d 750, 754 (2004) (same, relying on *Van Matre*). As is evident, all of the cited cases, save one, rely on *Robins* or on a case that relies on *Robins*. *Smith*, the exception, relies on this court's decision in *Williams*. We therefore examine *Robins*, *Smith* and *Williams,* and also *Stokes*, as it is the first case to apply the tolling rule in an interlocutory setting.

In *Robins*, in holding that the time for the State to appeal commenced with the denial of the State's motion for reconsideration of the trial court's dismissal of a criminal complaint, the appellate court reasoned: "Public

---

[2]We purposely cite these cases in chronological order to show the thought progression of the case law over the past 30 years.

policy clearly favors correction of errors at the trial level. We have previously held that a motion to reconsider is an appropriate method to be utilized in directing the attention of the trial judge to [a] claim of error. (*Childress v. State Farm Mutual Automobile Insurance Co.* (1968), 97 Ill. App. 2d 112, 239 N.E.2d 492.)" *Robins*, 33 Ill. App. 3d at 636. While the appellate court majority herein found this reasoning to be flawed because it relied on *Childress*, a civil case, we agree with the appellate court dissent that, generally speaking, this issue "pertains to the regulation of the courts, and a court's ability to correct its errors, which would not seem to vary significantly between the civil and criminal arenas." 382 Ill. App. 3d at 479 (O'Malley, J., dissenting). Indeed, this court has, in several criminal cases decided since *Robins*, espoused the efficacy of providing the opportunity for an expeditious method to correct error short of an appeal. *People v. Mink*, 141 Ill. 2d 163, 171 (1990) ("A court in a criminal case has inherent power to reconsider and correct its own rulings"); *People v. Heil*, 71 Ill. 2d 458, 461 (1978) (relevant statutes and court rules "demonstrate the intent that in criminal as well as civil matters the circuit court be given the opportunity to reconsider final appealable judgments and orders within 30 days of their entry"). Thus, although the *Robins* court, when faced with the tolling question without benefit of this court's decisions in *Heil*, *Mink*, or even an appellate criminal case, borrowed its reasoning from a civil case, that reasoning appears to be sound.

Next, *Stokes*, as mentioned, involved not a final order, as in *Robins*, but the same type of interlocutory order at issue here, the grant of a defendant's motion to suppress evidence. Contrary to the appellate court's belief, and in accord with our reading of Rule 606(b), this factual difference is not fatal. The same policy reasons for providing the trial court with an opportunity to correct an er-

roneous decision prior to appeal apply in the context of interlocutory judgments as in final judgments. The appellate court argues that applying the tolling rule to allow the State to appeal from interlocutory orders is problematic because, while the motion to reconsider is pending, the defendant would face continued incarceration and the delay of his trial. It is true that, during the pendency of a State interlocutory appeal, the defendant is ordinarily entitled to be released from custody without bail. See 210 Ill. 2d R. 604(a)(3) ("A defendant shall not be held in jail or to bail during the pendency of an appeal by the State *** unless there are compelling reasons for his or her continued detention"). This entitlement to release is not available while the State awaits the trial court's ruling on a motion to reconsider. However, reading Rule 606(b) to prohibit the State from using the tolling mechanism in such circumstances allows only the defendant to avail himself of the trial court's inherent error-correcting powers.

We agree with the appellate court dissent that this interpretation would create a systematic bias wherein, if only the defendant can file a motion to reconsider, then only those erroneous decisions against defendants will be corrected, and erroneous decisions against the State will escape review. 382 Ill. App. 3d at 481 (O'Malley, J., dissenting). This bias is made more harsh when one considers that, if an erroneous decision suppressing evidence is affirmed in an interlocutory appeal, and eventually results in the acquittal of the defendant for lack of sufficient evidence, the State would have no further recourse. Given the overarching importance of the truth-seeking function of the criminal trial, this court is unwilling to create such a bias. See *People v. Knuckles*, 165 Ill. 2d 125, 149, 150 (1995) (Heiple, J., dissenting, joined by Bilandic, C.J.) (the truth-seeking function of a trial deserves to be given precedence; justice belongs not to a

defendant alone but to the public as well); *People v. Whiters*, 146 Ill. 2d 437, 442-43 (1992) (to allow a defendant to use his opening statement to "vilify the victim's character \*\*\* without offering any supporting evidence" and without an evidentiary response from the State would defeat the truth-seeking function of a trial). Additionally, a defendant may avoid the possibility of unreasonable delay involved in hearing the State's motion to reconsider by simply filing a speedy-trial demand. Therefore, *Stokes* and its progeny do not fall simply because they applied the tolling rule to an interlocutory order by the State.

Examining the case law supporting our reading of the rule from another angle, the appellate court in *Smith* reasoned as follows:

> "Supreme Court Rule 604(a)(1) allows the State to appeal from an order quashing an arrest or search warrant or suppressing evidence. (134 Ill. 2d R. 604(a)(1).) The pretrial rulings on motions to quash and suppress are not appealable under Rule 604(a)(1) until the trial judge has ruled on all of defendant's requested relief. (*People v. Rembert* (1980), 89 Ill. App. 3d 371, 411 N.E.2d 996.) The trial judge may reconsider a final appealable judgment or order within 30 days of its entry. (*People v. Heil* (1978), 71 Ill. 2d 458, 376 N.E.2d 1002.) A timely motion for reconsideration of a ruling granting a suppression motion will toll the time to file a notice of appeal under Rule 604(a)(1). See *People v. Williams* (1990), 138 Ill. 2d 377, 563 N.E.2d 385." *Smith*, 232 Ill. App. 3d at 127.

The *Smith* court's citation to *Williams* apparently refers to this court's statement that "statutory and judicial policy favors giving a circuit court 'the opportunity to reconsider final appealable judgments and orders within 30 days of their entry' as long as no notice of appeal has yet been filed." *Williams*, 138 Ill. 2d at 394, quoting *Heil*, 71 Ill. 2d at 461. *Williams*, in turn, further relied on the proposition in *Heil* which states: "The relevant statutes, and the rules promulgated by this court, demonstrate

the intent that in criminal as well as civil matters the circuit court be given the opportunity to reconsider final appealable judgments and orders within 30 days of their entry." *Heil,* 71 Ill. 2d at 461, citing 58 Ill. 2d R. 606(b). The *Heil* court continued:

> "We have examined the authorities cited by defendant in support of his contention that the only avenue open to the People was that of appeal, and find them clearly distinguishable. \*\*\* We find nothing in these cases which would support the contention that a party entitled to appeal from an order entered by the circuit court should be deprived of the opportunity to seek correction of the alleged error by means of a motion timely filed in the circuit court." *Heil,* 71 Ill. 2d at 461-62.

We note that this court, in both *Heil* and *Williams,* was dealing with factual scenarios involving final and appealable judgments. However, in *Mink,* this court expanded its rationale to include interlocutory judgments. Finding that the trial court's order granting the defendant's posttrial motion for a new trial and setting a trial date was interlocutory in nature because, so long as the case was pending before it, the trial court had jurisdiction to reconsider any order which had previously been entered, the *Mink* court concluded:

> "A court in a criminal case has inherent power to reconsider and correct its own rulings, even in the absence of a statute or rule granting it such authority. [Citations.] A court's power to reconsider and correct its decisions extends to interlocutory, as well as final, judgments. \*\*\* *People v. Heil* (1978), 71 Ill. 2d 458 (trial judge vacated final order discharging the defendant because of failure to grant the defendant a speedy trial)." *Mink,* 141 Ill. 2d at 171.

Thus, this court, in *Heil* and *Williams,* expressed the clear judicial policy which favors allowing a trial court to reconsider its rulings, and *Mink* extended this reasoning to include reconsideration of interlocutory judgments. Either through the *Smith* court's reliance on *Williams* and *Heil,* or through *Stokes* and its progenies' reliance

on Rule 606(b), a consistent holding has emerged to which we adhere, *i.e.*, that a timely motion to reconsider a grant of a defendant's motion to suppress tolls the time for taking an appeal.[3]

We next address the argument that the appellate court majority's reading of Rule 606(b) does not absolutely prohibit the State from filing both a motion to reconsider and a timely notice of appeal. We concede that it is possible for the State to file a motion to reconsider and have that motion ruled upon by the trial court within 30 days of the entry of an interlocutory order, leaving the State time to file a Rule 604(a) appeal from that order. However, we agree with Justice O'Malley that the point "is not *whether* this can be done, but *must* it be done." (Emphases in original.) 382 Ill. App. 3d at 484 n.3 (O'Malley, J., dissenting). We have found that a defendant's trial will not be unreasonably delayed by applying the tolling provision to the State's motions to reconsider. Reading the rule as the appellate majority suggests would only place unnecessary pressure on trial courts to rule on such motions in less than 30 days, in order to preserve the State's right to appeal, regardless of the complexity of the issues. The problems likely to arise from such a system outweigh any judicial efficiency to be gained.

We also reject the appellate court majority's contention that "if there are any public policy implications of a trial court's inherent power to reconsider its interlocutory rulings, the implications should be the same in a civil case where a trial court has the same power." 382 Ill. App. 3d at 470. Suffice to say that the civil justice system, while guided by many of the same principles, is inherently different from the criminal justice system. First, as compared to civil practice, the instances, as set

---

[3]We note that *Smith* relied on *Williams*, which relied on *Heil*, which relied on Rule 606(b), so that all the mentioned cases are actually based on that rule.

forth in Rule 604(a)(1), in which the State is allowed an interlocutory appeal are few. It is also important to note that, unlike its civil counterparts, there is no directive in Rule 606(b) specifying deadlines shorter than 30 days for filing some interlocutory appeals. See 210 Ill. 2d Rs. 306(b)(1), 306A; 188 Ill. 2d R. 307(d); 155 Ill. 2d R. 308(b). Further, we do not find the two civil cases cited by the appellate court majority to be relevant.

Both *Craine v. Bill Kay's Downers Grove Nissan*, 354 Ill. App. 3d 1023, 1025-29 (2005), and *Trophytime, Inc. v. Graham*, 73 Ill. App. 3d 335, 335-37 (1979), do hold that the filing of a motion to reconsider cannot extend the deadline for filing civil interlocutory appeals. However, *Craine* and *Trophytime* dealt with interlocutory appeals "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction" under Rule 307(a). Rule 307(a) specifically requires that such appeals "must be perfected within 30 days from the entry of *the interlocutory order*." (Emphasis added.) 188 Ill. 2d R. 307(a). As the court stated in *Trophytime*:

> "The grant or denial of the extraordinary relief of an injunction ordinarily has a substantial impact upon one of the parties. Rule 307 is an exception to the final judgment rule and allows a party to take an appeal from such interlocutory orders. We are aware of no authority, however, which would allow a motion (filed subsequent to the entry of an interlocutory order) to postpone the time in which to file a timely notice of appeal." *Trophytime*, 73 Ill. App. 3d at 336-37.

An examination of the other interlocutory appeals as of right set forth in Rule 307(a) shows that the orders they involve also have "a substantial impact" on one of the parties. See, *e.g.*, 188 Ill. 2d Rs. 307(a)(4) ("placing or refusing to place a mortgagee in possession of mortgaged premises"); 307(a)(6) ("terminating parental rights or granting, denying or revoking temporary commitment in adoption cases"); 307(a)(7) ("determining issues raised in proceedings to exercise the right of

eminent domain"). Thus, the necessity for an expeditious appeal explains the lack of a tolling provision in Rule 307(a). As is equally clear, the focus in an interlocutory appeal by the State under Rule 604(a)(1) is the proper determination of whether certain evidence shall be admitted in a defendant's trial. While this determination does, obviously, have a "substantial impact" on the parties, we believe, as earlier noted, that the truth-seeking function in criminal proceedings makes the use of the tolling rule imperative. We therefore see no benefit to be had by, in effect, requiring the State to choose between taking an interlocutory appeal and availing itself of the trial court's "inherent error-correction power." 382 Ill. App. 3d at 484 (O'Malley, J., dissenting). Simply, the fact that the civil and criminal positions on this topic conflict is a function of the different considerations on which the rules are based and is not telling.

Finally, we consider what the appellate court dissent admits is a "weak reed on which to base a determination of the drafters' intent," namely, the principle of acquiescence. 382 Ill. App. 3d at 491 (O'Malley, J., dissenting). However, we agree with the dissent that, here, it is appropriate to examine the interaction between the progression of the language of Rule 606(b) and this court's interpretation of that rule. Rule 606(b) has been amended three times since 1970. As of July 1, 1971, Rule 606(b) was amended to state:

"The notice of appeal shall be filed within 30 days from the entry of the order or judgment from which the appeal is taken; or if the appellant *** files a motion for a new trial or in arrest of judgment, the notice of appeal shall be filed within 30 days after the ruling of the court on the *** denial of the motion. Except as provided in the next paragraph [entitled 'Extensions of Time in Certain Circumstances'], no appeal may be taken from a trial court to a reviewing court after the expiration of 30 days from the entry of the order or judgment from which the appeal is taken." 50 Ill. 2d R. 606(b).

Interestingly, the first sentence refers to the entry of either an "order" or a "judgment." The 30-day limitation in the second sentence likewise refers to the "order or judgment."

Effective February 17, 1977, Rule 606 was amended, with Rule 606(b) taking more substantially the form in which it exists today:

> "Except as provided in Rule 604(d), the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion. *** Except as provided in paragraph (c) below, and in Rule 604(d), no appeal may be taken from a trial court to a reviewing court after the expiration of 30 days from the entry of the order or judgment from which the appeal is taken." 65 Ill. 2d R. 606(b).

The evolution of Rule 606(b) shows that the "order or judgment" language in the first sentence has been replaced by "final judgment," the same language used today. The last sentence continues to use the "order or judgment" language, as does the penultimate sentence today. The committee comments accompanying this amendment simply state, as to paragraph (b) of the rule (65 Ill. 2d R. 606(b), Committee Comments, at lvii), "This is former Rule 27(7)(a) without substantial change. Rule 27(7)(a) was derived from section 121—4(c) of the code." There is no other explanation for the change from the "order or judgment" language in the 1971 version, to the "final judgment *** or motion against the judgment" language in the 1977 version.

Justice O'Malley suggests this change may be "an inadvertent holdover from the older versions of the rule that has not been harmonized with the terminology of the rule as it developed." 382 Ill. App. 3d at 492 (O'Malley, J., dissenting). Regardless, in 1978, this court, in *Heil*, endorsed the idea of allowing a trial court to reconsider its interlocutory judgments, holding that none

of the defendant's cited cases supported the contention that the only avenue open to the State was that of appeal, and that a party entitled to appeal from an order entered by the circuit court should not be deprived of the opportunity to seek correction of the alleged error by means of a motion timely filed in the circuit court. *Heil*, 71 Ill. 2d at 461-62. In so ruling, this court expressly considered Rule 606(b). *Heil*, 71 Ill. 2d at 461.

For the next 22 years, Rule 606(b) remained unchanged. During that time, in 1990, this court in *Williams* relied upon *Heil* in stating: "statutory and judicial policy favors giving a circuit court 'the opportunity to reconsider final appealable judgments *and orders* within 30 days of their entry' as long as no notice of appeal has yet been filed." (Emphasis added.) *Williams*, 138 Ill. 2d at 394, quoting *Heil*, 71 Ill. 2d at 461. Later in 1990, this court's decision in *Mink* was filed, holding that the State had the right to file a motion to reconsider an interlocutory order. *Mink*, 141 Ill. 2d at 171. Effective December 1, 1999, Rule 606(b) was amended to take its current form. 188 Ill. 2d R. 606(b); see also 210 Ill. 2d R. 606(b).

Given this history, it is clear that the tolling rule has been embraced by this court in *Mink*, *Williams*, and *Heil*, despite changes in the language of Rule 606(b). There is a clear message to be seen by juxtaposing the dates of Rule 606(b)'s modification with the dates of this court's cases endorsing the policy and reasoning behind the tolling rule. From time to time, this court has amended Rule 606(b), but never in such a way as to disapprove of any of the appellate decisions, or its own holdings, that a timely motion to reconsider will toll the time for appeal. Further, after each amendment of Rule 606(b), additional appellate cases followed the tolling rule. We therefore believe the doctrine of acquiescence may be applied to Rule 606(b) as support for upholding the tolling rule consistently iterated in both this court and the appellate

court for the last 30-plus years. See, *e.g.*, *People v. Downs*, 371 Ill. App. 3d 1187, 1191 (2007) (where judicial interpretation of statute has not evoked an amendment, drafters are presumed to acquiesce in the court's exposition of the intent behind the statute). This court has had ample opportunity to correct any misinterpretation of Rule 606(b) and has not done so. This is not to say that, in interpreting supreme court rules, the principle of acquiescence should be relied upon alone. However, the principle of acquiescence, when combined with the considerations identified above, provides significant reasons to continue to adhere to the tolling rule.

We have no doubt of the good intentions and intellectual honesty behind the appellate court majority's reinterpretation of Rule 606(b). However, we find that our reading of Rule 606(b)'s plain language not only is the proper one, but also one which does not, as would the appellate majority's interpretation, unsettle a system that has been functioning for the past 30 years without conferring any benefit upon the courts or the public. 382 Ill. App. 3d at 486 (O'Malley, J., dissenting).

## CONCLUSION

We reject the appellate court's interpretation of Rule 606(b) and hold that the appellate court erred in finding that the State's appeal was untimely and did not confer jurisdiction on the appellate court. We therefore remand this cause to the appellate court to consider the State's appeal on the merits.

*Appellate court judgment reversed;*
*cause remanded.*

JUSTICE FREEMAN, dissenting:

The majority holds that the State's motion to reconsider the circuit court's order quashing arrest tolled the time for filing its notice of interlocutory appeal under Supreme Court Rule 606(b). According to the majority,

this result is compelled by the language as well as public policy. Neither consideration supports the majority's decision, and I, therefore, must respectfully dissent.

Our rules are to be construed in the same manner as statutes (134 Ill. 2d R. 2; *People v. Fitzgibbon*, 184 Ill. 2d 320, 328 (1998); see also *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 48 (2004) (setting out rules of construction)), and our review is *de novo* (*People v. Drum*, 194 Ill. 2d 485, 488 (2000)).

This appeal concerns appellate jurisdiction, which arises under section VI of the judicial article of our state constitution:

"Appeals from final judgments of a Circuit Court are a matter of right to the Appellate Court in the Judicial District in which the Circuit Court is located except in cases appealable directly to the Supreme Court and except that after a trial on the merits in a criminal case, there shall be no appeal from a judgment of acquittal. The Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts." Ill. Const. 1970, art. VI, §6.

Pursuant to the above, this court has provided, in Rule 604, for interlocutory appeals in criminal cases in certain situations for both the prosecution and the defendant. 210 Ill. 2d R. 604.

Rule 604(a) specifies those instances in which the State may appeal certain interlocutory orders, such as those which quash arrest and suppress evidence. Rule 604 does not, however, set forth when the State's notice of appeal must be filed. Instead, the time for filing a notice of appeal in a criminal case is the subject of Rule 606(b), which provides:

"Except as provided in Rule 604(d), the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion. When a timely posttrial or postsentencing motion

directed against the judgment has been filed *** any notice of appeal filed before the entry of the order disposing of all pending postjudgment motions shall have no effect and shall be stricken by the trial court. Upon striking the notice of appeal, the trial court shall forward to the appellate court within 5 days a copy of the order striking the notice of appeal, showing by whom it was filed and the date on which it was filed. This rule applies whether the timely postjudgment motion was filed before or after the date on which the notice of appeal was filed. A new notice of appeal must be filed within 30 days following the entry of the order disposing of all timely postjudgment motions. Within 5 days of its being so filed a copy of the notice of appeal or an amendment of the notice of appeal shall be transmitted by the clerk of the circuit court to the clerk of the court to which the appeal is taken. Except as provided in paragraph (c) below, and in Rule 604(d), *no appeal may be taken from a trial court to a reviewing court after the expiration of 30 days from the entry of the order or judgment from which the appeal is taken.*" (Italics and underscore added.) 210 Ill. 2d R. 606(b).

The majority bases its construction on the first sentence of the rule, particularly on that portion of the sentence which is underlined in the excerpt quoted above. The majority reads the word "final" in that sentence as modifying only the first use of the word "judgment," but not the second. Under this reading, a notice of appeal must be filed within 30 days of the final judgment, or within 30 days after the ruling on a timely motion to reconsider directed against any appealable judgment, final or interlocutory. In other words, the State's filing of a motion to reconsider tolls the time in which a notice of appeal need be filed.

Had the sentence been drafted with the indefinite article "a" before the second "judgment," the majority's conclusion would be more persuasive. But the sentence was not drafted in that manner, and, as a result, the majority's construction is at odds with the plain meaning of the words used in the sentence. The second time that

the word "judgment" appears in the sentence, it is preceded by the definite article "the." The "the" is used to carry out its normal grammatical duty: "as a function word to indicate that a following noun or noun equivalent refers to someone or something previously mentioned or clearly understood from the context of the situation." Webster's Third New World International Dictionary 2368 (1986).

The only reasonable construction, therefore, of the first sentence is that "the judgment" means "final judgment appealed from." The sentences immediately following give further support to this construction because they refer to cases involving final judgments by specifying the procedure to be followed when a defendant files a posttrial or postsentencing motion.[4] For this reason, the first sentence does not apply to a notice of appeal taken from an interlocutory order. It is the penultimate sentence of the rule, which omits any reference to a "final" judgment and simply discusses the procedure for appeal of nonfinal orders or judgments (such as those in Rule 604) that controls in this case.

Nevertheless, the majority believes that its construction is consistent with the rule that a circuit court should have the opportunity to correct itself before an appeal is taken. See generally *People v. Heil*, 71 Ill. 2d 458, 461 (1978). The majority, however, elevates this consideration over another, which is more consistent with the plain language of Rule 606(b); namely, the speedy resolution of interlocutory appeals. See *People v. King*, 349 Ill. App. 3d 877, 879-80 (2004) (recognizing the importance of fostering " 'expediency and celerity in appeals from interlocutory orders' ").

---

[4]A defendant is required under the Code of Criminal Procedure of 1963 to file postjudgment motions. 725 ILCS 5/116—1(b) (West 2006). Rule 606(b) therefore provides the means in which that statutory duty is squared with timeliness requirements for notices of appeal.

This policy is recognized in our rules governing civil appeals, which contain deadlines as short as two days. See 210 Ill. 2d R. 306A; 188 Ill. 2d R. 307; 155 Ill. 2d R. 308. The filing of a motion to reconsider cannot extend the deadline for filing civil interlocutory appeals. *Craine v. Bill Kay's Downers Grove Nissan*, 354 Ill. App. 3d 1023, 1025-29 (2005). I see no reason for criminal interlocutory appeals to get different treatment. It is important to note that the interlocutory appeals provided for in Rule 604(a) center mainly around pretrial matters, which ultimately may lead to a dismissal of criminal charges. Where a defendant is in jail awaiting trial, and it might be presumed that most cases involve people being in custody, obtaining a final determination on the merits, whether it be an acquittal or a conviction, is important. Although Rule 604(a)(3) provides that a defendant shall not be held in jail or on bond during the pendency of an interlocutory appeal by the State, the rule also allows for an exception in "compelling" circumstances (see 210 Ill. 2d R. 604(a)(3)). Thus, in some cases, a defendant who has successfully litigated a motion to suppress may still be held in jail or on bond while the matter is on appeal. I note, too, that Rule 604(a)(4) states that "[t]he time during which an appeal by the State is pending is not counted for the purpose of determining whether an accused is entitled to discharge under [the speedy-trial act]." Thus, by not recognizing a tolling period under Rule 606(b) in interlocutory appeals, the case proceeds more quickly to the reviewing courts, thereby allowing for more prompt resolution of the merits.[5]

The majority believes that its construction of the rule

---

[5]Rule 604(a)(2) provides the State with the ability to petition for leave to appeal under Rule 315(a) in such cases. This, of course, means that a defendant will have his speedy-trial demand tolled through both an appellate and a supreme court appeal process, which can take several years.

is necessary because to hold otherwise "would create a systematic bias wherein, if only the defendant can file a motion to reconsider, then only those erroneous decisions against defendants will be corrected, and erroneous decisions against the State will escape review." 233 Ill. 2d at 170. I do not understand what this statement means. It is, of course, possible that a defendant can move to reconsider an "erroneous" denial of a motion to suppress, but so what? If the court denies the motion, the case against the defendant proceeds without delay, with review of the pretrial decision put off until appeal, if the resulting trial ends in the defendant's conviction. On the other hand, if the defendant's motion is granted, the State can appeal under Rule 604(a). Where is the "systematic bias"?

About "systematic bias," the majority states:

"This bias is made more harsh when one considers that, if an erroneous decision suppressing evidence is affirmed in an interlocutory appeal, and eventually results in the acquittal of the defendant for lack of sufficient evidence, the State would have no further recourse." 233 Ill. 2d at 170.

I frankly do not understand what point my colleagues are attempting to make. An "erroneous decision suppressing evidence" ultimately "affirmed in an interlocutory appeal" cannot be "erroneous." Courts of review are not in the business of affirming "erroneous" suppression orders. Moreover, if a defendant is acquitted due to insufficient evidence, the State cannot appeal by virtue of our constitution, not because of "systematic bias" stemming from the construction of Rule 606(b). The State's appeal rights in the instance of an "erroneous decision suppressing evidence" are amply protected by Rule 604(a).

In yet another instance of the majority's misunderstanding of the policy at work against its conclusion, the opinion states:

"Additionally, a defendant may avoid the possibility of unreasonable delay involved in hearing the State's motion to reconsider by simply filing a speedy-trial demand." 233 Ill. 2d at 171.

Again, it is difficult to understand what point the majority is trying to make. On its face, the statement presumes that no speedy-trial demand had been pending prior to the filing of the motion to quash and suppress. When a defendant files such a motion, the delay occasioned by litigating the motion, including the time for the State to respond and for the court to hear evidence and decide the matter, is chargeable to the defendant as a delay occasioned by him. *People v. Kliner*, 185 Ill. 2d 81, 117 (1998); *People v. McDonald*, 168 Ill. 2d 420, 440 (1995). This, of course, is why the time for a State interlocutory appeal tolls the running of the statute, under Rule 604(a)(4), as noted above. A speedy-trial demand runs until it is withdrawn. Thus, the majority must be referring to a situation where a defendant, who has not previously demanded a speedy trial, does so for the first time upon the State's request for reconsideration of a suppression order. But the State can negate the effect of such a demand if it goes on to lose the motion to reconsider—under Rule 604(a)(4), the time spent on the State's interlocutory appeal would toll the demand, as I have previously noted.

In light of the foregoing, I strongly disagree with the majority's construction of Rule 606(b). Its construction is contrary to the plain language of Rule 606(b) under basic rules of grammar. Moreover, the majority's policy arguments do not withstand even mild scrutiny. The appellate court majority correctly decided this issue and its judgment should be affirmed.