(No. 105075.—

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. LAVAR BRIDGEWATER, Appellant.

*Opinion filed October 29, 2009.*

86

Michael J. Pelletier, State Appellate Defender, Robert Agostinelli, Deputy Defender, and Fletcher P. Hamill, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellant.

Lisa Madigan, Attorney General, of Springfield, and James W. Glasgow, State's Attorney, of Joliet (Michael A. Scodro, Solicitor General, and Michael M. Glick, David H. Iskowich and Retha Stotts, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Thomas, Garman, Karmeier, and Burke concurred in the judgment and opinion.

Justice Freeman dissented, with opinion.

## OPINION

Defendant Lavar Bridgewater was charged with aggravated unlawful use of a weapon (720 ILCS 5/24—1.6(a)(1), (a)(3)(B) (West 2004)). He filed a motion to suppress evidence seized in a search of his vehicle. The circuit court of Will County granted defendant's motion, but the appellate court reversed, holding the search was justified as a search incident to arrest. 375 Ill. App. 3d 414.

We allowed defendant's petition for leave to appeal. 210 Ill. 2d R. 315(a). Based upon the Supreme Court's recent decision in *Arizona v. Gant*, 556 U.S. 332, 173 L. Ed. 2d 485, 129 S. Ct. 1710 (2009), we hold that the search of defendant's vehicle was not a valid search incident to arrest. Accordingly, we reverse the appellate court's judgment, affirm the circuit court's order granting defendant's motion to suppress, and remand to the circuit court for further proceedings.

### I. BACKGROUND

At the hearing on defendant's motion to suppress, Bolingbrook Police Officer John Morrow testified he observed defendant's vehicle traveling 59 miles per hour in a 35-mile-per-hour speed zone. The vehicle also had tinted front windows. Morrow activated his emergency lights and siren and pursued the vehicle.

Morrow testified he was behind defendant's vehicle when it stopped at a traffic light. Defendant turned right, traveled approximately 200 feet, turned into a conve-

nience store parking lot, and parked. Morrow stopped his squad car directly behind the vehicle.

Defendant and Morrow got out of their vehicles at approximately the same time. Morrow testified defendant turned and looked at him. Morrow initially told defendant to get back inside his vehicle. When defendant began walking toward the store, Morrow told him to come back to the squad car. Defendant stated he was going inside to get something to eat. Despite Morrow's instructions to return to his vehicle, defendant turned and walked into the store.

After calling for backup, Morrow entered the store and told defendant he was being stopped for speeding and driving a vehicle with tinted windows. Morrow told defendant he had to come back outside and produce his driver's license and proof of insurance. After being asked three or four times to step outside, defendant walked outside and stood on the curb near the front bumper of his car. When Morrow requested defendant's driver's license and proof of insurance, defendant stated he did not have to give the officer anything because he had done nothing wrong.

Defendant then placed his hands in his coat pockets. Morrow asked defendant two or three times to take his hands out of his pockets, but defendant did not comply. After defendant refused to place his hands on the store window, Morrow arrested him for obstructing a peace officer because he failed to obey commands. Defendant was handcuffed and placed in Morrow's squad car. The arrest occurred about five feet from the front of defendant's vehicle.

Morrow informed two other officers responding to the call for backup that he had arrested defendant. Morrow asked the other officers to search defendant's vehicle. As he was driving out of the parking lot, Morrow saw one of the other officers hold up an ammunition clip. When Morrow returned to defendant's vehicle, the of-

ficer stated he found the ammunition clip in the center console of the vehicle. Morrow joined in the search and found a handgun under the front passenger seat.

Defendant testified he did not see the squad car or hear the siren until he stopped at the convenience store. When he reached the door to the store, he heard Morrow order him back to his car. Defendant ignored the order and walked into the store. Morrow followed defendant inside and asked him twice to come back outside. When defendant walked out of the store, Morrow arrested him immediately. Defendant testified Morrow did not request his driver's license or proof of insurance until after he was handcuffed. Defendant denied placing his hands in his pockets outside the store, but admitted he was speeding and his car windows were tinted.

On November 10, 2005, the trial court granted defendant's motion to suppress the items found in the search of his car. The State filed a motion to reconsider the trial court's ruling on November 30, 2005. The trial court denied the State's motion on December 19, 2005. The following day, the State filed a certificate of substantial impairment and a notice of appeal.

On appeal, the State contended the trial court erred in granting the motion to suppress. The State argued the search of the car was a valid search incident to defendant's arrest for obstructing a peace officer. 375 Ill. App. 3d 414. Based on *Thornton v. United States*, 541 U.S. 615, 158 L. Ed. 2d 905, 124 S. Ct. 2127 (2004), the appellate court held the police officers were permitted to search defendant's vehicle incident to his arrest because he was a recent occupant of the vehicle. Accordingly, the appellate court reversed the trial court's order granting the motion to suppress and remanded to the trial court for further proceedings. 375 Ill. App. 3d 414.

## II. ANALYSIS

Defendant's appeal to this court was initially limited to whether the search of his vehicle was justified as a

search incident to arrest. After the parties briefed that issue, however, we allowed defendant to submit a supplemental brief raising an argument on the appellate court's jurisdiction to hear the State's interlocutory appeal. Defendant argues the appellate court did not have jurisdiction because the State failed to file its notice of appeal within 30 days of the trial court's order granting the motion to suppress evidence. Relying upon *People v. Marker*, 382 Ill. App. 3d 464 (2008), defendant argues the State's motion to reconsider did not toll the 30-day period for filing an appeal from the order suppressing evidence under Supreme Court Rule 606(b) (210 Ill. 2d R. 606(b)). Defendant claims Rule 606(b) requires the State to file its notice of appeal within 30 days of the order granting the motion to suppress.

We allowed the State's motion to file a response to defendant's supplemental brief. The State argues this court should exercise its supervisory authority to address the merits of this appeal without considering the timeliness of the notice of appeal. The State also contends its notice of appeal was timely because the motion to reconsider tolled the 30-day period for filing under Rule 606(b). Further, the State asserts its appeal was timely because it was filed within 30 days of the order denying reconsideration, and that order is also appealable because it had the substantive effect of suppressing evidence. Finally, the State notes that prior to the appellate court's decision in *Marker*, Rule 606(b) was consistently interpreted as providing that a motion to reconsider tolled the time for appealing an interlocutory suppression order. Given the State's reliance on that long-standing precedent, any contrary decision by this court should be applied only prospectively.

Defendant's supplemental argument is premised on the appellate court's decision in *Marker*. In that case, the appellate court held the tolling provision in Supreme

Court Rule 606(b) applies only to appeals from final judgments. *Marker*, 382 Ill. App. 3d at 472. Thus, a motion to reconsider does not toll the time for filing an appeal from an interlocutory order, and an appeal may not be taken after 30 days from entry of that order. *Marker*, 382 Ill. App. 3d at 472. The State's notice of appeal was not filed within 30 days of the interlocutory order. *Marker*, 382 Ill. App. 3d at 477. The appellate court, therefore, concluded the notice of appeal was untimely and dismissed the appeal for lack of jurisdiction. *Marker*, 382 Ill. App. 3d at 477.

The appellate court acknowledged the split of authority created by its decision. *Marker*, 382 Ill. App. 3d at 477. Thus, on its own motion, the appellate court certified under Supreme Court Rule 316 (Ill. S. Ct. R. 316 (eff. December 20, 2006)), that the case involved "a question of such importance that it should be decided by the Supreme Court." *Marker*, 382 Ill. App. 3d at 477. The question certified was whether the State's motion to reconsider an order suppressing evidence tolls the 30-day period for filing a notice of appeal under Supreme Court Rule 606(b). *Marker*, 382 Ill. App. 3d at 477.

This court recently filed its decision in *Marker*. Relying on the plain language of Rule 606(b) and prior case law interpreting that rule, we held a timely motion to reconsider an order granting a defendant's motion to suppress tolls the time for filing an appeal. *People v. Marker*, 233 Ill. 2d 158, 173 (2009). Accordingly, we reversed the appellate court's decision dismissing the State's appeal for lack of jurisdiction, and remanded to the appellate court for consideration of the appeal. *Marker*, 233 Ill. 2d at 178.

Our decision in *Marker* controls the outcome of defendant's jurisdiction claim in this case. Here, the State filed a timely motion to reconsider the trial court's

suppression order. Under *Marker*, the State's motion to reconsider tolled the time period for filing a notice of appeal. The State's notice of appeal, filed the day after the trial court denied its motion to reconsider, was timely filed and conferred jurisdiction on the appellate court to consider the State's appeal from the order suppressing evidence. Given our holding that the notice of appeal was timely filed, we need not address the State's request to exercise our supervisory authority to excuse any untimeliness or its argument on the retroactivity of a contrary decision.

On the merits, defendant's sole contention is that the search of his vehicle was not a valid search incident to arrest. The parties initially presented arguments on that issue grounded primarily on *Thornton v. United States*, 541 U.S. 615, 158 L. Ed. 2d 905, 124 S. Ct. 2127 (2004). While this appeal was pending, however, the Supreme Court issued a new decision on searches incident to arrest in *Arizona v. Gant*, 556 U.S. 332, 173 L. Ed. 2d 485, 129 S. Ct. 1710 (2009). Defendant requested leave to file a supplemental brief addressing the impact of *Gant* on this case. We allowed defendant's motion and have now received his supplemental brief.

We also allowed the State's motion to file a supplemental response brief. The State, however, subsequently requested leave to withdraw its motion. The State asserted, after having the opportunity to review the matter thoroughly, it "does not dispute defendant's assertion that *Gant* is dispositive on the facts of this case." Accordingly, we vacated our order granting the State's motion to file a supplemental brief.

In reviewing a ruling on a motion to suppress evidence, we give great deference to the trial court's factual findings and will reverse those findings only if they are contrary to the manifest weight of the evidence. *People v. Luedemann*, 222 Ill. 2d 530, 542 (2006). The

trial court's legal ruling on whether evidence should be suppressed is reviewed *de novo*. *Luedemann*, 222 Ill. 2d at 542-43.

A search conducted without prior approval of a judge or magistrate is *per se* unreasonable under the fourth amendment, subject only to a few specific and well-defined exceptions. *Gant*, 556 U.S. at 338, 173 L. Ed. 2d at 493, 129 S. Ct. at 1716, quoting *Katz v. United States*, 389 U.S. 347, 357, 19 L. Ed. 2d 576, 585, 88 S. Ct. 507, 514 (1967). One of the exceptions to the warrant requirement is a search incident to arrest. *Gant*, 556 U.S. at 338, 173 L. Ed. 2d at 493, 129 S. Ct. at 1716.

In *Gant*, the Supreme Court granted *certiorari* to clarify the search-incident-to-arrest exception as applied to vehicle searches in *New York v. Belton*, 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860 (1981). *Gant*, 556 U.S. at 338, 173 L. Ed. 2d at 493, 129 S. Ct. at 1716. The Court noted the exception, defined in *Chimel v. California*, 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969), derived from the interests of officer safety and evidence preservation arising when officers make an arrest. *Gant*, 556 U.S. at 338, 173 L. Ed. 2d at 493, 129 S. Ct. at 1716. Those interests are not implicated if the arrestee cannot possibly reach into the area officers seek to search. The exception, therefore, does not apply in those circumstances. *Gant*, 556 U.S. at 339, 173 L. Ed. 2d at 493, 129 S. Ct. at 1716.

The Court noted its decision in *Belton* "has been widely understood to allow a vehicle search incident to the arrest of a recent occupant even if there is no possibility the arrestee could gain access to the vehicle at the time of the search." *Gant*, 556 U.S. at 341, 173 L. Ed. 2d at 495, 129 S. Ct. at 1718. That broad reading of *Belton*, however, "untether[s] the rule from the justifications underlying the *Chimel* exception." *Gant*, 556 U.S. at 343, 173 L. Ed. 2d at 496, 129 S. Ct. at 1719. Therefore,

in accord with the fundamental principles underlying *Chimel*, the Court rejected the broad reading of *Belton* and clarified that police officers are authorized "to search a vehicle incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search." *Gant*, 556 U.S. at 343, 173 L. Ed. 2d at 496, 129 S. Ct. at 1719. The Court also held that a search of a vehicle incident to arrest is justified if it is " 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.' " *Gant*, 556 U.S. at 343, 173 L. Ed. 2d at 496, 129 S. Ct. at 1719, quoting *Thornton*, 541 U.S. at 632, 158 L. Ed. 2d at 920, 124 S. Ct. at 2137 (Scalia, J., concurring in judgment, joined by Ginsburg, J.).

In *Gant*, the search of the vehicle was not justified by either the possibility of access by the arrestee or the likelihood of discovering evidence of the offense. *Gant*, 556 U.S. at 344, 173 L. Ed. 2d at 496, 129 S. Ct. at 1719. The three people arrested were handcuffed and secured in separate squad cars before the defendant's car was searched. Thus, the defendant was not within reaching distance of the car's passenger compartment at the time of the search. *Gant*, 556 U.S. at 344, 173 L. Ed. 2d at 496-97, 129 S. Ct. at 1719. Further, the officers could not have reasonably expected to find evidence of the crime, driving with a suspended license, in the passenger compartment of the defendant's vehicle. *Gant*, 556 U.S. at 344, 173 L. Ed. 2d at 497, 129 S. Ct. at 1719. The Court, therefore, concluded that the warrantless search of the defendant's vehicle could not be justified as a search incident to arrest and was unreasonable. *Gant*, 556 U.S. at 344, 173 L. Ed. 2d at 497, 129 S. Ct. at 1719.

Following *Gant*, a vehicle search incident to a recent occupant's arrest is authorized only when: (1) the arrestee is unsecured and within reaching distance of the vehicle's passenger compartment at the time of the

search; or (2) officers reasonably believe evidence relevant to the crime of arrest may be found in the vehicle. The first justification for a vehicle search incident to arrest is limited "[b]ecause officers have many means of ensuring the safe arrest of vehicle occupants." *Gant*, 556 U.S. at 343 n.4, 173 L. Ed. 2d at 496 n.4, 129 S. Ct. at 1719 n.4. Thus, it will be "the rare case" when an officer cannot effectuate an arrest in a manner eliminating any real possibility of access to the vehicle by the arrestee. *Gant*, 556 U.S. at 343 n.4, 173 L. Ed. 2d at 496 n.4, 129 S. Ct. at 1719 n.4.

Here, defendant was handcuffed and inside Officer Morrow's squad car when the vehicle search took place. This is not the "rare case" where an officer could not prevent the arrestee's access by handcuffing and securing him away from the vehicle. Further, defendant was arrested for obstructing a peace officer after exiting his vehicle and walking into the store. The offense was based entirely on defendant's failure to obey Officer Morrow's commands. The officers could not have reasonably believed evidence of obstructing a peace officer could be found inside defendant's vehicle.

In sum, the search of defendant's vehicle cannot be justified as a search incident to arrest under the Supreme Court's recent holding in *Gant*. The State does not contend that any other exception to the warrant requirement applies here. Accordingly, the warrantless search of defendant's vehicle was *per se* unreasonable under the fourth amendment. We, therefore, reverse the appellate court's judgment and affirm the trial court's order suppressing the evidence found in the search of defendant's car.

## III. CONCLUSION

For the foregoing reasons, we reverse the appellate court's judgment and affirm the trial court's order granting defendant's motion to suppress the evidence seized in

the search of his vehicle. The cause is remanded to the trial court for further proceedings consistent with this opinion.

*Appellate court judgment reversed;*
*circuit court judgment affirmed;*
*cause remanded.*

JUSTICE FREEMAN, dissenting:

The threshold issue in this case is whether the appellate court had jurisdiction to hear the State's interlocutory appeal from the circuit court's grant of defendant's motion to suppress. The majority holds that because the State's notice of appeal was timely filed under this court's recent decision in *People v. Marker*, 233 Ill. 2d 158 (2009), jurisdiction was conferred upon the appellate court to hear this appeal. Because I continue to adhere to the position that *Marker* was wrongly decided (*Marker*, 233 Ill. 2d at 178 (Freeman, J., dissenting)), I cannot join the majority's opinion.

It was my view in *Marker* that the majority erroneously construed the plain language of Rule 606(b). As I fully explained in my dissenting opinion in that case, the unambiguous language of the rule draws a distinction between appeals taken from a "final judgment" and those taken from an interlocutory "order or judgment," and sets forth different time periods for each situation. If the appeal is from a "final judgment," Rule 606(b) provides that a notice of appeal may be filed within 30 days of the judgment *or* within 30 days of the resolution of a motion to reconsider the judgment. Thus, in this situation, a motion to reconsider tolls the period. The rule further provides, however, that if a party wishes to take an *interlocutory* appeal from an "order or judgment," then "no appeal may be taken from a trial court to a reviewing court after the expiration of 30 days from the entry of the order or judgment from which the ap-

peal is taken." Accordingly, in such a case a motion to reconsider does not toll the time period.

In the instant matter, the State is appealing from the circuit court's interlocutory order granting defendant's suppression motion. I continue to adhere to the view that because the State sought to appeal an interlocutory order, its motion to reconsider that ruling did not toll the time for filing its notice of appeal under Rule 606(b). Because the State filed its notice of appeal 40 days after entry of the interlocutory order, I conclude that the State's appeal is untimely. Therefore, I would vacate the appellate court's decision in this case as void.