NOTICE

Decision filed 03/15/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220128-U

NO. 5-22-0128

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 18-CF-1811 |
| | ) | |
| KHEMATEN SHELTON, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Presiding Justice Boie and Justice Welch concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where one of defendant's postconviction claims was clearly contradicted by the record and evidence at a third-stage hearing defeated the other, the circuit court did not err in dismissing the petition, and as any argument to the contrary would lack merit, we grant the defendant's appointed appellate counsel leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Khematen Shelton, appeals the circuit court's order dismissing, after a third-stage hearing, his postconviction petition. Defendant's appointed appellate counsel, the Office of the State Appellate Defender (OSAD), concludes that no reasonably meritorious argument exists that the court erred. It has filed a motion to withdraw as counsel together with a supporting memorandum (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)). Counsel notified defendant of its motion and this court provided him with an opportunity to file a response, and he has done so. After reviewing the record and considering OSAD's motion and supporting memorandum, and

1

defendant's response, we agree that this appeal presents no reasonably meritorious issues. Accordingly, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                          BACKGROUND

¶ 4        Defendant pled guilty to possession of heroin and fentanyl with the intent to deliver. In exchange for the plea, the State agreed to seek a sentence of no more than 11 years' imprisonment. The circuit court informed defendant that he was charged with a Class X offense and that the sentencing range included a three-year enhancement because fentanyl was involved. Thus, the sentencing range was between "nine to thirty-three years in the Department of Corrections. And truth in sentencing applies so that means you would have to serve 75 percent of any time served in the Department of Corrections." Defendant said that he understood.

¶ 5        The court established that the plea was voluntary, and that defendant was satisfied with his attorney's services to that point. The State's factual basis showed that defendant was stopped for going the wrong way on a one-way street. After being stopped, defendant and a passenger got out of the car. One of the officers observed open alcohol containers in the center console. A subsequent search of the console uncovered a bag containing pills, $1869 in cash, and three cell phones. One of the capsules field-tested positive for cocaine, and subsequent testing of the pills by the Illinois State Police lab revealed the presence of heroin and fentanyl. After waiving his *Miranda* rights, defendant admitted that the pills were his.

¶ 6        At the start of the sentencing hearing, the court mistakenly stated that truth in sentencing did not apply. However, defense counsel stated during argument that, even if the court imposed the minimum sentence, defendant would have to serve "75 percent of nine years." In imposing sentence, the court stated: "Pursuant to Illinois statutes, it has to be served at 75 percent." Defendant acknowledged that he understood the sentence.

2

¶ 7    Defendant did not move to withdraw his plea or reconsider the sentence. However, he filed a *pro se* postconviction petition. The court appointed counsel, who filed an amended petition. This petition alleged that because defendant and his passenger had exited the car before officers detained them, those officers had no basis to search defendant's car incident to his arrest. Moreover, even if the officer had seen open alcohol in the car, "the officer clearly exceeded the scope of probable cause for the search by not merely seizing the cups of liquid and bottle of alcohol, but by further searching the interior of the vehicle beyond what was necessary to seize the fruits of the violation of open container law." The petition also contended that plea counsel was ineffective for failing to advise defendant that he would have to serve 75% of his sentence.

¶ 8    After counsel filed the amended petition, defendant attempted to file a *pro se* amendment arguing that the State could not establish a chain of custody for the drugs given that the field test detected cocaine but defendant was ultimately charged with possession of heroin and fentanyl. However, the court did not rule on the merits because defendant filed the pleading *pro se* while he was represented by counsel.

¶ 9    The State moved to dismiss arguing, among other things, that the officers' observation of open alcohol gave them probable cause to search the vehicle's passenger compartment. In reply, defense counsel asserted that granting the State's motion to dismiss would be "premature." Rather, the court needed to hold a hearing on whether the liquor bottle was visible from outside of the car. Counsel essentially conceded that if it was, the police had a legal basis to search the car.

¶ 10    After dismissing defendant's claim about truth in sentencing as contradicted by the record, the court conducted a hearing on the remaining claim. There, defendant and his passenger, Andrew Paris, testified that the officers could not have seen the open liquor bottle from outside the car.

3

Defendant further claimed that neither officer mentioned smelling alcohol, and that he was not issued a ticket for the traffic violation.

¶ 11    Defendant's original plea counsel testified that defendant never approached him about filing a suppression motion. He had not considered filing such a motion because the officers had a valid basis for the stop and subsequently saw contraband in plain view. He noted that, in his experience, the State would often withdraw a plea offer if a defendant filed a substantive motion.

¶ 12    Officer David Gross testified that he assisted with the traffic stop. Using a flashlight, he saw a bottle of alcohol on the vehicle's floor, although he could not recall whether the bottle was open. The court viewed dashcam and bodycam videos of the traffic stop, which showed two white cups containing brown liquid in cupholders and a clear bottle about one-quarter full with brown liquid on the passenger-side floorboard. A white plastic bag is between the seat and the bottle, but the bag is not covering the bottle. Another officer puts the cups and bottle on top of the car, calls out the stop over his radio, and searches the vehicle's center console, where he finds the pills and money.

¶ 13    After hearing this evidence, the court dismissed the remaining claim, finding that a suppression motion would have been unsuccessful given that the vehicle's door was open and the officers could see the open liquor from outside the car by using a flashlight. Defendant timely appealed.

¶ 14                                    ANALYSIS

¶ 15    OSAD concludes that there is no reasonably meritorious argument that the circuit court erred by dismissing defendant's postconviction petition. The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a mechanism by which a criminal defendant may

4

assert that his conviction resulted from a substantial denial of his constitutional rights. 725 ILCS 5/122-1(a) (West 2020); *People v. Delton*, 227 Ill. 2d 247, 253 (2008).

¶ 16    The Act establishes a three-stage process to adjudicate a postconviction petition. *People v. English*, 2013 IL 112890, ¶ 23. If a petition is not summarily dismissed at the first stage, it advances to the second stage, where an indigent petitioner can obtain appointed counsel and the State can move to dismiss the petition. 725 ILCS 5/122-2.1(b), 122-4, 122-5 (West 2020).

¶ 17    If a defendant makes a substantial showing of a constitutional violation, the petition advances to the third stage, where the trial court conducts an evidentiary hearing. *Id.* § 122-6. At this stage, the defendant has the burden to prove a substantial constitutional violation. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). At such a hearing, the circuit court serves as the fact finder, and, therefore, it is the court's function to determine witness credibility, decide the weight to be given their testimony, and to resolve any evidentiary conflicts. *People v. Domagala*, 2013 IL 113688, ¶ 34.

¶ 18    A postconviction proceeding is not a substitute for a direct appeal, but rather is a collateral attack on a prior conviction and sentence. *People v. Davis*, 2014 IL 115595, ¶ 13. " 'The purpose of the post-conviction proceeding is to allow inquiry into constitutional issues involved in the original conviction and sentence that have not been, and could not have been, adjudicated previously on direct appeal.' " *Id.* (quoting *People v. Towns*, 182 Ill. 2d 491, 502 (1998)). Accordingly, issues that were raised and decided on direct appeal are barred by *res judicata*, and issues that could have been raised, but were not, are forfeited. *Id.*

¶ 19    OSAD concludes that there is no basis to question the circuit court's decision to dismiss defendant's claim regarding a possible suppression motion. Defendant asserted in his petition that counsel was ineffective for failing to seek suppression of the drugs that were the basis of his

conviction. He contended that the officers lacked probable cause to search his vehicle and that, had the results of the search been suppressed, the State would have had no choice but to dismiss the charges.

¶ 20 We note that defendant raised the issue for the first time in his postconviction petition. Generally, a voluntary guilty plea waives all nonjurisdictional defenses and defects. *People v. Mueller*, 2013 IL App (5th) 120566, ¶ 12. Defendant did not mention at the plea hearing counsel's failure to file a suppression motion, assuring the court that his plea was voluntary and that he was satisfied with counsel's performance. Moreover, he did not timely move to withdraw the plea on that or any other basis. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017) ("No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to *** withdraw the plea of guilty and vacate the judgment.").

¶ 21 Defendant's original plea counsel testified at the hearing that defendant never approached him about filing a suppression motion. Counsel did not seriously consider filing such a motion because he did not believe a legal basis existed for suppressing the evidence given that the initial stop was valid, and the officers observed contraband in plain view.

¶ 22 In any event, the circuit court properly found that a suppression motion would have been unsuccessful. A warrantless search is *per se* unreasonable under the fourth amendment. *People v. Bridgewater*, 235 Ill. 2d 85, 93 (2009). However, various exceptions exist. One is the so-called automobile exception, under which officers may undertake a warrantless search of a vehicle if they have probable cause to believe that it contains evidence of criminal activity that the officers are entitled to seize. *People v. James*, 163 Ill. 2d 302, 312 (1994); *People v. McGhee*, 2020 IL App (3d) 180349, ¶ 34.

6

¶ 23    One basis for probable cause is where officers observe in plain view items whose nature as contraband is immediately apparent. *People v. Hilt*, 298 Ill. App. 3d 121, 124 (1998) (citing *Texas v. Brown*, 460 U.S. 730, 737 (1983) (opinion of Rehnquist, J., joined by Burger, White, and O'Connor, JJ.)). Here, it is undisputed that the vehicle contained contraband in the form of open containers of alcohol. See 625 ILCS 5/11-502(a) (West 2018) ("[N]o driver may transport, carry, possess or have any alcoholic liquor within the passenger area of any motor vehicle upon a highway in this State except in the original container and with the seal unbroken."). The only issue at the third-stage hearing was whether the alcohol was in "plain view"—*i.e.*, was visible to the officers from outside the vehicle. Defense counsel conceded in his reply to the State's motion to dismiss that if the officers could see the open alcohol containers from outside the vehicle, the search was proper.

¶ 24    The evidence at the hearing, which included videos of the incident, overwhelmingly supported the conclusion that the officers, using a flashlight, could see the open alcohol from outside the vehicle. Thus, the circuit court's conclusion that a motion to suppress on that basis would have been unsuccessful was reasonable.

¶ 25    OSAD further concludes that there is no basis to question the circuit court's dismissal of defendant's contention that defense counsel failed to inform him that he would have to serve 75% of his sentence. See 730 ILCS 5/3-6-3(a)(2)(v) (West 2018). OSAD concludes that this claim is completely contradicted by the record, and we agree.

¶ 26    Prior to sentencing, both the prosecutor and the trial court informed defendant that he would have to serve 75% of the sentence imposed. Defendant told the court that he understood. The circuit court misspoke at the beginning of the sentencing hearing, stating that truth in sentencing did not apply, but subsequently both defense counsel and the court stated that defendant

7

would have to serve 75% of the sentence. Defendant again assured the court that he understood the sentence. Thus, the record contradicts any contention that defendant did not understand that he would have to serve 75% of the sentence.

¶ 27 In his response, defendant argues that truth in sentencing does not apply to his case. Defendant raises this issue for the first time. The postconviction petition argued only that defense counsel was ineffective for failing to inform defendant that he would have to serve 75% of his sentence, thus implicitly assuming that truth in sentencing applied. Issues not contained in a dismissed postconviction petition cannot be raised for the first time on appeal. *People v. Jones*, 213 Ill. 2d 498, 507 (2004). Thus, we need not consider this issue.

¶ 28                                  CONCLUSION

¶ 29 As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 30 Motion granted; judgment affirmed.